FILED
08 MAR 10 PM 1:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

PAUL F. ANDRES, )
)
)
Plaintiff, )
)
vs. ) Case No. _____
)
NCO FINANCIAL SYSTEMS, INC., )
) CV-08-P-0425-W
)
Defendant. )

## COMPLAINT

1.  The above entitled civil action is commenced by the Plaintiff, PAUL F. ANDRES, pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") and the laws of the State of Alabama to recover actual damages, statutory damages, reasonable attorneys' fees and costs.

2.  The jurisdiction of this Court over the claims for relief contained in Count I is invoked pursuant to 15 U.S.C. §1692(b) and 28 U.S.C. §1331. The supplemental jurisdiction over the State law claims for relief contained in Count II is invoked pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this District and Division in that the action upon which the basis of this complaint is brought took place in Tuscaloosa County, Alabama, pursuant to 28 U.S.C. §1391.

4.  Plaintiff PAUL F. ANDRES at the times of the acts detailed in this Complaint was a citizen of the State of Alabama residing in Tuscaloosa County. Plaintiff continues to reside in the State of Alabama. Plaintiff was contacted by Defendant as the person said Defendant claimed was a person obligated to pay a debt. Therefore, Plaintiff was a consumer within the meaning of 15 U.S.C. §1692(a).

5.      Defendant **NCO FINANCIAL SYSTEMS, INC** (hereinafter referred to as "NCO") is a billing and collection agency with its place of business being located in Horsham, Pennsylvania. At all times relevant to this civil action, Defendant NCO regularly collected or attempted to collect debts owed or due another using instrumentalities of interstate commerce and through the mails; thus said Defendant is a debt collector within the meaning of 15 U.S.C. §1692(a)(6).

6.      The repeated collection calls to Plaintiff and/or the home in which Plaintiff resides have been extremely upsetting to him. On November 16, 2007 Plaintiff sent a letter to NCO advising that he had employed the legal services of Mrs. LuAnn Springer of the law firm Andres, Lemley & Springer, LLC concerning said Defendant's breach of privacy and wrongful collection tactics and requested that it never again discuss his financial matters with anyone other than himself.

7.      On November 28, 2007 Plaintiff's attorney, LuAnn B. Springer, sent a letter to Defendant NCO Financial Systems, Inc. by regular First Class Mail and Certified Mail, with a return receipt requested, through the United States Postal Service advising of her representation of the Plaintiff concerning its violations of the provisions of the Fair Debt Collection Practices Act regarding Plaintiff's Dillard's account and requesting that Defendant forward said correspondence to its liability carrier and that said Defendant not contact Plaintiff again and that any and all future correspondence and/or communication should be directed to her at the address provided on Plaintiff's attorney's letterhead. Defendant NCO acknowledged receipt of said letter on December 4, 2007.

8.      On December 17, 2007 Plaintiff's attorney, LuAnn B. Springer, sent a second letter to Defendant NCO Financial Systems, Inc. by regular First Class Mail and Certified Mail, with a return receipt requested, through the United States Postal Service reiterating her representation of Plaintiff and instruction that it not contact Plaintiff again. Defendant NCO acknowledged receipt

of said letter on December 20, 2007.

9. Defendant NCO having been put on notice that Plaintiff was represented by legal counsel and not to contact Plaintiff any further but rather contact Plaintiff's legal counsel. Defendant NCO continued to call Plaintiff and/or the residence in which Plaintiff resides on a regular and daily basis demanding payment and discussing Plaintiff's financial matters with persons other than Plaintiff himself.

## COUNT I
## VIOLATION OF THE FDCPA

10. Plaintiff hereby incorporates by reference Paragraphs 1 through 9 above as if fully set forth herein.

11. Defendant NCO violated the requirements of the FDCPA with respect to the Plaintiff in the following particulars:

    a. Stated to a person other than the Plaintiff that Plaintiff owed a debt and that said debt was delinquent;

    b. Communicated and discussed, with a person other than Plaintiff, Plaintiff's financial matters on more than 1 occasion;

    c. Continued to repeatedly contact Plaintiff several times a day, seven days a week, after having been advised that Plaintiff is represented by legal counsel; and

    d. Contacted Plaintiff after 9:00PM.

12. As a result of Defendant NCO Financial Systems, Inc.'s violations of the FDCPA, Plaintiff is entitled to recover a statutory penalty of $1,000.00 per act of violation, actual damages, a reasonable attorney's fee and the costs of this action, as provided by 15 U.S.C. §1692(k)(a) against Defendant NCO.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff prays for judgment against Defendant NCO as follows:

    A.    Statutory damages of $1,000.00 per act violated;

    B.    Actual damages;

    C.    A reasonable attorney's fee and court costs; and

    D.    Any other damages deemed just and equitable by the Court and/or Jury.

## COUNT II
## INVASION OF PRIVACY

13.    Plaintiff hereby incorporates by reference Paragraphs 1 through 12 above as if fully set out herein.

14.    The aforesaid actions by Defendant NCO invaded the privacy of Plaintiff and caused Plaintiff to undergo severe mental and emotional anguish.

15.    By continuing to contact Plaintiff, Defendant NCO wrongfully intruded into the private activities of Plaintiff so as to cause outrage, mental suffering, and humiliation to a person of ordinary sensibilities and thereby invaded the privacy of Plaintiff.

16.    As a proximate consequence of the invasion of the privacy of Plaintiff, he was caused to suffer the following injuries and damages: Shame, humiliation, embarrassment, damage to his reputation; and, severe mental and emotional distress.

17.    Plaintiff claims punitive damages of the Defendants due to the gross and oppressive nature of the conduct of Defendants.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff demands judgment against Defendant NCO in such amount as the Court and/or the jury, in its discretion, may assess. Plaintiff further demands punitive damages against Defendant NCO in such additional sum as the Court

and/or the jury may assess.

Respectfully submitted on this the 7th day of March, 2008.

*LuAnn B. Springer*
**LuAnn B. Springer**
Andres, Lemley & Springer, LLC
*Attorneys at Law*
2711 Sixth Street
Tuscaloosa, Alabama 35401
Phone: (205) 345-3551
Fax: (205) 345-0375
E-mail: luannwillis@andresandlemley.com
ASB-4611-A38W

**OFCOUNSEL:**
ANDRES, LEMLEY, & SPRINGER, LLC
*Attorneys at Law*
2711 Sixth Street
Tuscaloosa, Alabama 35401
Phone: (205) 345-3551
Fax: (205) 345-0375